Filed 7/24/15  P. v. Scott CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B261776 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA094280) |
| v. | |
| MICHAEL LAVELL SCOTT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. James D. Otto, Judge.  Affirmed.

_____

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

A felony complaint, filed on December 20, 2012, charged Michael Lavell Scott with four counts of selling, offering to sell or transporting a controlled substance in violation of Health and Safety Code section 11379, subdivision (a). The felony complaint specially alleged that Scott had two prior convictions for robbery (Pen. Code, § 211) that qualified as strikes under the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and that he had served five prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).

On January 15, 2013, Scott pleaded no contest to the four counts under Health and Safety Code section 11379, subdivision (a), and admitted the special allegations related to his prior convictions and prison terms. The trial court (Hon. Judith L. Meyer) sentenced Scott to six years in state prison on each of the four counts, consisting of the midterm of three years for the Health and Safety Code section 11379, subdivision (a), violation, plus one year each for three of the prior prison terms. The court ordered the six-year terms on counts 2, 3 and 4 to run concurrently with the six-year term on count 1. Pursuant to Penal Code section 1385, the court struck the remaining special allegations, which consisted of the prior strike convictions and two additional prior prison terms. Scott filed a petition for a writ of habeas corpus, which was denied on July 3, and a motion to recall his sentence, which was denied on July 11.

On November 17, Scott filed another petition to recall his sentence, asking the trial court to reduce his convictions from felonies to misdemeanors so that he could be resentenced under Proposition 47. (See Pen. Code, § 1170.18, subd. (a).) The trial court (Hon. James Otto) denied the petition, concluding that the convictions were not eligible for reduction under Proposition 47. Scott timely appealed.

We appointed counsel to represent Scott in the matter. After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) On June 4, 2015, we sent a letter to Scott and to counsel. In the letter, we directed counsel to immediately send the record on this appeal and a copy of the *Wende* brief to Scott and

informed Scott that he had 30 days to submit by letter or brief any ground of appeal, contention or argument he wished us to consider. Scott filed a letter brief on June 15.

We have reviewed the entire record on appeal. As the trial court concluded, Scott's convictions under Health and Safety Code section 11379, subdivision (a), are not within the parameters of Proposition 47 (see Pen. Code, § 1170.18, subd. (a)), and he thus is not eligible for resentencing under that proposition. In his letter brief, Scott indicates that he does not have a copy of the police report connected to the convictions and that he would like the police report available for a hearing to be held on July 1, 2015. As the appealed order—the order denying his petition to recall his sentence—was entered on December 29, 2014, nothing with respect to a July 1, 2015 hearing is before us. Scott also asks us to provide a copy of the police report to his lawyer, but the police report is not contained in the appellate record related to the denial of Scott's petition to recall his sentence. Scott does not suggest how the police report might be relevant to the denial of his petition to recall his sentence. We are satisfied that Scott's counsel has fully complied with his responsibilities and that no arguable appellate issue exists. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

JOHNSON, J.                    MOOR, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.